**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**ARIZONA FUELS CORPORATION and
Eugene Dalton, President,
Defendants-Appellants.**

No. 9–58.

Temporary Emergency Court of Appeals.

Argued April 12, 1982.

Decided June 1, 1982.

ing the position of appellee.

Alan S. Novins, of Lobel, Novins & Lamont, Washington, D. C., argued, with whom on the brief were Martin Lobel and Lee Ellen Helfrich of the same firm, Washington, D. C., and Leroy S. Axland, Suitter, Axland & Armstrong, Salt Lake City, Utah, for appellants.

Kenneth J. Barnes, Dept. of Justice, Washington, D. C., argued, with whom on the brief were J. Paul McGrath, Asst. Atty. Gen., Washington, D. C., Melvin A. McDonald, U.S. Atty., Phoenix, Ariz., and Dennis G. Linder and R. John Seibert, Dept. of Justice, Washington, D. C., for appellee.

Before ESTES, BECKER and DUNIWAY, Judges, and C. A. MUECKE, District Judge.

DUNIWAY, Judge:

This is the second appeal in this case. We affirm.

The facts and history of this case are stated in our opinion on the first appeal, *United States v. Arizona Fuels*, Em.App., 1980, 638 F.2d 239, *cert. denied*, 1981, 451 U.S. 985, 101 S.Ct. 2318, 68 L.Ed.2d 842. In that decision, we reversed the portion of the

judgment that denied, because exceptions appeals were still pending before the Federal Energy Regulatory Commission, enforcement of Arizona Fuels' "entitlement" obligations that accrued after July 1, 1977. Our reason for reversing was stated as follows:

The Entitlements Program explicitly states that "[t]he filing of an application for an exception shall not constitute grounds for non-compliance with the requirements of the regulation, ruling or generally applicable requirement from which an exception is sought unless a stay has been issued. . . ." 10 C.F.R. § 205.50(c). Similarly, 10 C.F.R. Subpart I, § 205.120(c) reiterates: "All applicable DOE orders, regulations, rulings, and generally applicable requirements shall be complied with unless and until an application for a stay or temporary exception is granted."

Arizona Fuels' entitlements obligations were payable at the end of each month in which they were published by the Department in the Federal Register. 10 C.F.R. § 211.67(c) & (i). Arizona Fuels did not receive a stay or temporary exception under 10 C.F.R. Subpart I, § 205.120 *et seq.* or 18 C.F.R. § 140(e)(4) . . . . In these circumstances, Arizona Fuels was bound to comply with its entitlement obligations, and the district court erred in dismissing the government's complaint.

638 F.2d at 242. That ruling was our holding in the case, it states the law of the case, and it fully sustains the judgment from which the present appeal was taken.

■ Upon remand, the government moved for judgment, presenting an affidavit of David A. Welsh, which fully complies with Rule 56, F.R.Civ.P., and shows all of Arizona Fuels' entitlement obligations for each month from August 1975 through November 1980, the total amount unpaid, and the amount of exception relief granted and credited in computing the unpaid amount. Arizona Fuels did not file a counter affidavit, and did not invoke Rule 56(f), F.R. Civ.P. Thus, the amount of its obligation, at the time of judgment, stands uncontradicted in the record.

The trial court, in its judgment, ordered Arizona Fuels Corporation and its president and sole stockholder, Eugene Dalton, to pay for those entitlements for which they had become liable since July, 1977. It entered a judgment against them for $37,883,995.87, being $30,974,605.00 in entitlement obligations and $6,907,390.07 in interest. Given our decision, quoted above, the Welsh affidavit, and the absence of opposing affidavits, there was no genuine issue as to any material fact and the government was entitled to that judgment as a matter of law. F.R.Civ.P. 56(c) and (e).

■ In their opening brief on this appeal, the appellants present a single argument, that they were "denied due process of law because [they were] deprived of the right to present any defenses before judgment was entered." We are told: "In effect the district court issued final judgment merely on the basis of the allegations in the government's complaint." This is patently false. Summary judgment was given in the manner permitted by the rules. No other argument was presented to support the claim that there has been a denial of due process.

■ In their reply brief, the appellants tell us that the Federal Energy Regulatory Commission has upheld some of the contentions made by the appellants in their applications for exceptions relief. The appellants claim that this shows the existence of a genuine issue of material fact. However, first, this information does not satisfy the requirement of Rule 56; the administrative record was not before the district court and is not part of the record on appeal. Second, the facts of the ongoing procedure through which Arizona Fuels seeks exception relief are irrelevant to its obligation to pay its obligations as published in the Federal Register. That is what we decided on the first appeal.

Perhaps the appellants think it unfair that they should be forced to pay their entitlement obligations now when there is a possibility that they will later be granted some form of relief. We see no unfairness.

The appellants chose not to seek a stay or temporary exception from the Department of Energy. There is no reason to prefer Arizona Fuels over the other participants in the entitlements program. The money that Arizona Fuels has failed to pay is money owed to other refiners and processors. Arizona Fuels' gain is their loss. The appellants should be the last to complain that they have been treated in a way that is legally correct but inequitable. The record shows that they are by far the most flagrant violators of the entitlements program and have continually refused to pay their obligations without court orders. They have claimed to be unable to find the money to meet their obligations. Yet, in a deposition, Eugene Dalton admitted that he had concealed money in nominee bank accounts because he did not want the Department of Energy to find out about it until the money was spent. The record shows that the financial records of Arizona Fuels omitted some transactions, misrepresented others, and concealed the diversion of corporate funds to Eugene Dalton's personal use. These records have been generally unreliable.

We have granted the United States' motion to supplement the record. The costs it incurred in copying and preparing that supplement shall be part of the costs taxed in this court against the appellants, Arizona Fuels and Eugene Dalton. F.R.App.P. 39(a) and (c).

We suggest that the district court order that execution on the judgment should issue forthwith, and we note the availability of the provisions of F.R.Civ.P. 69(a).